UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LILBERT GREGORY**, <br><br> Petitioner, <br><br> v. <br><br> **NOAH NAGY**, <br><br> Respondent. | 2:22-CV-12934-TGB-APP <br><br> **ORDER DENYING PETITIONER'S MOTION TO EXTEND TIME TO FILE A WRIT OF HABEAS CORPUS (ECF NO. 1) AND DISMISSING CASE WITHOUT PREJUDICE** |

On November 22, 2022, Petitioner Lilbert Gregory filed a pro se motion seeking a ninety-day enlargement of time in which to file an application for a writ of habeas corpus. ECF No. 1. But because Petitioner's motion is not a petition for a writ of habeas corpus, Petitioner has not properly initiated a case. Therefore, Petitioner's motion must be **DENIED**.

Petitioner states that he intends to file a habeas petition before the Court. But Petitioner claims that he requires additional time to review and research the issues involved in his case to file the petition. ECF No. 1, PageID.2. Petitioner further explains that outbreaks of COVID-19 and scabies at the G. Robert Cotton Correctional Facility have resulted in frequent closures of the law library, hindering his ability to prepare the petition. *Id.* Petitioner also notes that he only became aware on November 11, 2022 that the Michigan Supreme Court denied his pro se

1

application for leave to appeal on January 4, 2022. *Id.* at PageID.2, PageID.4.

To commence a civil action in federal court, a litigant must file a complaint with the court. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas actions unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Id.*; *see also United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (explaining that without a pending habeas petition, a district court cannot rule on a motion for enlargement of time to file a habeas petition); *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) ("[N]o case or controversy generally exists before an actual [habeas] petition is filed.").

A habeas petition must "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242. The petition must also "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Rule 2(c), Rules Governing Section 2254 Cases. Finally, "[t]he petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d), Rules Governing Section 2254 Cases.

Petitioner's pleading does not meet the requirements for commencing a habeas case. He has provided information on his convictions and sentences as required. ECF No. 1, PageID.1. But while Petitioner generally reports the issues he raised in the state appellate courts, *id.*, he does not specify which of those grounds apply to his petition for habeas relief, nor has he provided supporting facts or described the relief he seeks. Rule 2(c), Rules Governing Section 2254 Cases. Accordingly, Petitioner has failed to appropriately commence a habeas action. *See Woodford*, 538 U.S. at 208; *Asakevich*, 810 F.3d at 420.

As such, Petitioner's motion for enlargement of time must be denied because he has not yet filed a habeas petition. Put another way, Petitioner cannot request relief from his filing deadline before he has initiated a habeas case in this Court. For Petitioner to seek equitable tolling (which permits a Court to extend the statute of limitations because the petitioner's failure to meet a deadline results from circumstances beyond their control, *see Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), he must first file a habeas petition. *Asakevich*, 810 F.3d at 421 (emphasizing that a court cannot give "pre-approval" of equitable tolling before a habeas petition is filed).

Granting Petitioner's request for a deadline extension would amount to an advisory opinion indicating that the Court will accept Petitioner's habeas petition as timely if and when he chooses to file it. But "[f]ederal courts have no license to issue advisory opinions," and

3

therefore do not "offer advisory opinions about what they might do *if* an action were filed." *Asakevich*, 810 F.3d at 420, 421.

For the foregoing reasons, Petitioner's motion for an enlargement of time to file his habeas petition (ECF No. 1) is **DENIED.**

Because Petitioner has failed to commence a habeas action under 28 U.S.C. § 2254, the case is **DISMISSED WITHOUT PREJUDICE.** Petitioner does not need to seek further leave from this Court or the Sixth Circuit before filing a proper habeas petition. A habeas petition must include all grounds on which Petitioner seeks relief and the facts in support of relief. Furthermore, because Petitioner has not yet commenced a habeas action, any new filing will not be considered a second or successive petition. If Petitioner's habeas petition is untimely, he may present arguments as to why the Court should excuse his untimeliness (i.e., to permit tolling of the statute of limitations) at the same time that the habeas petition is filed or after filing the petition. But to raise any arguments as to why he should be entitled to equitable or statutory tolling or to have his case held in abeyance while he continues exhausting state remedies, Petitioner must first initiate an action under § 2254.

**IT IS SO ORDERED.**

Dated: December 29, 2022     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE